UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Balow, | No. 23-cv-843 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Medtronic USA, Inc., | |
| Defendant. | |

On May 6, 2024, United States Magistrate Judge Elizabeth Cowan Wright denied Plaintiff Jeffrey Balow's Motion for Leave to File a Second Amended Complaint, denied Balow's Motion to Reconsider a Protective Order, and granted Defendant Medtronic USA, Inc.'s Motion for a Protective Order as to Third Party Subpoenas. Order, ECF 108. Balow objects to the May 6th Order, arguing that Judge Wright misapplied Rule 16(b)'s good-cause standard in denying his motion to amend and erred in granting Medtronic's motions for protective orders without a sufficient showing of good cause under Rule 26(c). Pl.'s Objections, ECF 112. As explained below, Balow's objections are overruled, and the May 6th Order is affirmed.

The standard of review applicable to a nondispositive order is "extremely deferential," and the May 6th Order will be reversed only if it is "clearly erroneous or contrary to law." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). Clear error exists when, on the entire record, the reviewing court has "the definite and firm conviction that a mistake has been committed,"

and the decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citations omitted).

Mr. Balow points to no authority to support the suggestion that Judge Wright failed to apply or misapplied relevant law. As a result, Balow has failed to show that the May 6th Order is contrary to law. Otherwise, Mr. Balow's objections articulate nothing more than a disagreement with Judge Wright's assessment of the record. He does not come close to showing that the May 6th Order was clearly erroneous in any respect. Judge Wright correctly determined that Balow failed to show that there was good cause for leave to amend. Tr. (May 6, 2024) 24–31, ECF 119. Further, Judge Wright properly found that Medtronic demonstrated good cause for the issuance of protective orders preventing Balow (1) from pursuing third-party discovery that is disproportionate to the needs of the case, and (2) from further questioning Medtronic's investigator, Fred Bragg, concerning Medtronic's anti-bribery and corruption policy. Tr. 31–38.

Accordingly, because Mr. Balow has failed to demonstrate that any aspect of the May 6th Order is clearly erroneous or contrary to law, his Objections to the May 6th Order, ECF 112, are **OVERRULED**, and the May 6th Order, ECF 108, is **AFFIRMED**.

Date: August 1, 2024                              *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States District Judge